IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Robert J. Gargasz, Co., LPA,<br>1670 Cooper Foster Park Road<br>Lorain, OH 44053<br>and | CASE NO. |
| Robert J. Gargasz<br>1670 Cooper Foster Park Road<br>Lorain, OH 44053 | JUDGE:<br><br>Magistrate: |
| Plaintiffs, | **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - COMBINED MOTION FOR A PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT OF THE MOTION FOR A PRELIMINARY INJUNCTION** |
| -vs- | |

JANET YELLEN, in her official capacity as Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220
and

RICHARD K. DELMAR, in his official capacity as acting inspector general of the Department of Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220
and

U.S. DEPARTMENT OF THE TREASURY
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220
and

INTERNAL REVENUE SERVICE
1111 Constitution Ave., NW
Washington, D.C. 20224
and

FinCEN (The Financial Crimes Enforcement Network of the U.S. Department of Treasury)
2070 Chain Bridge Road, Suite 200
Vienna, VA 22182-2536

1

and

MERRICK B. GARLAND, Esq., in his official capacity as
Attorney General of the United States of America
c/o United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
and

Rebecca Chattin Lutzko, Esq., in her official capacity as
United States Attorney for the Northern District of Ohio
Office of the United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113-1852

   Defendants.

## PARTIES

1. Plaintiff Robert J. Gargasz Co. LPA is a Legal Professional Association operating lawfully and domestically in the State of Ohio and engages in the provision of legal services to clients, many of them engaged in domestic commerce and whose rights are being violated the same as plaintiffs by the threatened criminal and civil penalties being threatened by the unconstitutional laws described in Exhibit"A".

2. Plaintiff Robert J. Gargasz is a licensed practicing attorney for over 40 years in good standing with the Ohio Supreme Court who has engaged in the active practice of law and has studied the Constitution of the United States of America and the Ohio Constitution and recognizes that the Congress of the United States of America was not provided the authority by WE THE PEOPLE to collect, analyze, retain, store, and distribute information as contemplated by the unconstitutional laws described in Exhibit"A".

3. Plaintiffs are distressed and indeed horrified that they along with all American businessmen, businesswomen, and their respective domestic business entities and transactions will be interfered with in the business operations, banking, freedom of contracting, privacy, their Constitutional right to work and independently contract without having essentially to succumb to the "Mark of the Beast" effectively demanded of all Americans by the enforcement of the unconstitutional laws described in Exhibit"A".

4. Defendants JANET YELLEN, in her official capacity as Secretary of the Treasury, RICHARD K. DELMAR, in his official capacity as acting inspector general of the Department of Treasury, U.S. DEPARTMENT OF THE TREASURY, the INTERNAL REVENUE SERVICE, FinCEN (The Financial Crimes Enforcement Network of the U.S. Department of Treasury), MERRICK B. GARLAND, Esq., in his official capacity as Attorney General of the United States of America, and Rebecca Chattin Lutzko, Esq., in her official capacity as the United States Attorney for the Northern District of Ohio have failed to honor their oaths of office in their individual and collective failures to prevent the unconstitutional laws described in Exhibit"A" from being placed into effect and their failures to institute legal proceedings and actions as be necessary to prevent the implementation of the abomination of the unconstitutional laws described in Exhibit"A".

5. This scope and breath of illegal and countenanced behaviors by defendants is historic and rarely demonstrated since the American Revolutionary War and indeed can and should be viewed as actions advanced for a cabal of globalist New World Order [NWO] traitors to America, its Liberty, and its Freedoms. No excuse

exists for these defendants to attempt impair, trample upon, and disregard the rights of plaintiffs and all other American business enterprises and the American citizen owners, management, and their Constitutional and statutory Rights.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this matter and is authorized to award the requested relief because this case arises under the Constitution and laws of the United State. See: U.S. Const. Art III, § 2; 28 U.S.C. §§1331; 5 U.S.C. §§701-706; 28 U.S.C. § 2201- 2202, and 42 U.S.C. § 1983. as it raises issues arising under the Constitution, Bill of Rights, statutes and laws, or treaties of the United States. See: 28 U.S.C. §1331.

7. Venue is proper in this district because defendants include a United States agency and an officer sued in his official capacity pursuant to 28 U.S.C. §1391(b). Venue further lies in this district and Court pursuant to 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims concerning plaintiffs occurred in Lorain County, Ohio within this District and Division. The venue also is proper as all the parties, including at least one defendant, reside within the boundary of this District.

8. Defendants, including FinCEN (The Financial Crimes Enforcement Network of the U.S. Department of Treasury) is an agency of the United States. 12 U.S.C. §5491(a).

### Introduction

9. This is a direct action by Plaintiffs against defendants challenging the legality and constitutionality of the "Corporate Transparency Act". 31 USC 5301, Public Law 116-283, 134 Stat. 4604 through 134 Stat. 4625, the regulations implementing the Final Rule and their registration mandates as are set forth, per statutes and in Regulations attached hereto as Exhibit "A".

10. The "Corporate Transparency Act", 31 USC 5301, Public Law 116-283, 134 Stat. 4604 through 134 Stat. 4625, the regulations implementing the Final Rule and their registration mandates as are set forth within statutes and in Regulations and The Final Rule issued by defendants are administratively claimed to be applicable to plaintiffs and plaintiffs' clients; This action seeks a comprehensive declaration of unconstitutionality of the Civil and Criminal Penalties sought to be imposed by the "Corporate Transparency Act", 31 USC 5301, Public Law 116-283, 134 Stat. 4604 through 134 Stat. 4625, the regulations implementing the law, including the Final Rule and their registration mandates as are set forth within statutes and in Regulations requiring plaintiffs to provide "Beneficial Ownership Information Reporting Rule" [BOI Reporting Rule], and for injunction against the enforcement of it against domestic citizens of the United States of America, including Plaintiffs.

11. The "Beneficial Ownership Information Reporting Rule" [BOI Reporting Rule] is unconstitutional as being a violation of the federal government's power under any aspect of the United States Constitution as sought to be applied against an American Citizen residing in the United States of America or its territories. Its mandated registration and required provision for turn-over of Beneficial Ownership Information and required reporting exceeds all legitimate authority of government and should be declared unconstitutional and not enforceable against non-aliens, citizens of the United States of America doing business within the United States domestically who are vested with the Bill of Rights and the protections of the Constitution of the United States of America.

12. These Registration Mandates and required provision for Beneficial Ownership Information sought to be enforced against plaintiffs and their clients are in violation of

the federal Bill of Rights and the authority provided by the United States Constitution to federal government and therefore unconstitutional, illegal, and unenforceable.

13. Plaintiffs request that these Registration Mandates and the Final Rule for disclosure of Beneficial Ownership Information be declared by this Court to be unconstitutional, null and void, being of no effect, as to plaintiffs and their operations.

14. When dealing with clients it is plaintiffs desire to rely upon this Court's declaration that the Registration Mandates and required provision for Beneficial Ownership Information as mandated to defendants under threat of prosecution for federal crimes, both civil and criminal penalties, are void and unconstitutional; and plaintiffs and their clients need not follow the illegal mandates. The Final Rule issued by defendants need not be adhered to and that the same are attempted impositions by defendants upon plaintiffs and their clients with unconstitutional demands and illegal requests.

15. Defendants by the enforcement of this Final Rule seek to subject Plaintiffs to criminal and civil penalties without just cause. Defendants seek the criminalization of protected conduct of Free domestic Citizens living with Liberty in the United States of America.

16. Defendants have engaged in their unconstitutional and illegal behaviors toward the plaintiffs to advance illegally mandated registration, improper information gathering, and required illegal provision for turn-over of Beneficial Ownership Information and to seek plaintiffs' incarceration and penalty, both criminal and civil, for noncompliance.

17. Because the Registration Mandates and required provision for Beneficial Ownership Information under the Final Rule are in violation of the federal Bill of Rights and the authority provided by the United States Constitution to federal government, and therefore

unconstitutional, these mandates and Final Rule as promulgated by defendants are invalid and should be declared unenforceable, vacated, and enjoined as a result.

18. Plaintiffs seek an order, declaration, and judgment holding the Final Rule unconstitutional, unlawful, unenforceable, and enjoining, and setting aside the mandates, the statutes, regulations, and the Final Rule at issue in this case.

19. In addition to the Constitutional infirmities that are fatal to the Final Rule, portions of the Rule also violate various requirements of the Paperwork Reduction Act of 1980 (PRA), 44 U.S.C. Section 3502 and 44 U.S.C. Section 3512, and the Administrative Procedure Act (APA) 5 U.S.C. Sections 551-559.

20. The PRA requires all agencies of the federal government to submit all "information collection requests" to the Director of the Office of Management and Budget (OMB) for review and approval. 44 U.S.C. Section 3507. If the Director approves the "information collection request" he must ensure that it contains a control number. 44 U.S.C. Section 3504. An agency "shall not conduct or sponsor the collection of information unless" the information collection request has been submitted to and approved by the Director; 44 U.S.C. Section 3507 (a), and "shall not engage in a collection of information without obtaining from the Director a control number to be displayed upon the information collection request"; 44 U.S.C. Section 3507(f). See also *United States v. Smith*, 866 F.2d 1092 (9th Cir., 1989) and *United States v. Hatch*, 919 F.2d 1394 (9th Cir., 1990).

21. Because the applicable administrative regulations sought to be implemented, the Registration Mandates and required provision for Beneficial Ownership Information under the Final Rule, as are set forth in Exhibit "A", do not comply and are in violation

the "PRA", the defendants are without power or authority to enforce the illegal "information collection requests"; Defendants MUST act legally and constitutionally.

22. No "OMB Control Numbers" have been issued for the regulations and/or the Forms as required by law, therefore, Defendants and each of them are prohibited from seeking to collect information from plaintiffs and the estimated 32,000,00 American businesses sought to be unconstitutionally menaced by the federal government, its agencies, and their rogue actions and conduct in violation of The Bill of Rights and federal statutory prohibitions.

23. "Information collection requests which do not display a current control number or, if not, indicate why they are not to be considered "bootleg" requests and (under PRA Section 3512) may be ignored by the public." S. Rep. No. 96-930 at 52, reprinted in 1980 U.S. Code Cong. & Admin. News 6292; See also: 44 U.S.C. Section 3512 establishing (penalties may not be imposed for noncompliance with information collection requests that do not display a current control number.) See also *United States v. Smith*, 866 F.2d 1092 (9th Cir., 1989) and *United States v. Hatch*, 919 F.2d 1394 (9th Cir., 1990).

24. Separately, then, the **"Corporate Transparency Act"**, 31 USC 5301, Public Law 116-283, 134 Stat. 4604 through 134 Stat. 4625, The **Final Rule and their registration mandates** mandates should be invalidated or stayed.

25. The **"Corporate Transparency Act"**, 31 USC 5301, Public Law 116-283, 134 Stat. 4604 through 134 Stat. 4625, The **Final Rule and their registration mandates** are set forth, per statutes and in part by Regulations attached hereto as **Exhibit "A"**.

See also: **59498 Federal Register** / Vol. 87, No. 189 / Friday, September 30, 2022 / Rules and Regulations ; **DEPARTMENT OF THE TREASURY Financial Crimes Enforcement Network 31 CFR Part 1010**

**RIN 1506–AB49**          **Beneficial Ownership Information Reporting Requirements**

**AGENCY:** Financial Crimes Enforcement Network (FinCEN), Treasury.
**ACTION:** Final rule.

**SUMMARY:** FinCEN is issuing a final rule requiring certain entities to file with FinCEN reports that identify two
categories of individuals: the beneficial owners of the entity, and individuals who have filed an application with specified governmental authorities to create the entity or register it to do business. These regulations implement Section 6403 of the Corporate Transparency Act (CTA), enacted into law as part of the National Defense Authorization Act for Fiscal Year 2021 (NDAA), and describe who must file a report, what information must be provided, and when a report is due. These requirements are intended to help prevent and combat money laundering, terrorist financing, corruption, tax fraud, and other illicit activity, while minimizing the burden on entities doing business in the United States.
**DATES:** *Effective date:* These rules are effective January 1, 2024.

**FOR FURTHER INFORMATION CONTACT:**
The FinCEN Regulatory Support Section at 1–800–767–2825 or electronically at *frc@fincen.gov*.

## INTRODUCTION TO CONSTITUTIONAL ARGUMENT

26. Because the Final Rule issued by the federal government and its agencies have exceeded its power and authority granted to it by the Constitution, and that the Final Rule has violated and seeks violations of ALL AMERICANS RIGHTS protected by the Bill of Rights in demanding Registration Mandates and required provision for disclosure of Beneficial Ownership Information under penalty of civil and criminal penalties, plaintiffs seek a preliminary injunction preventing the enforcement of the Registration Mandates and required provision for Beneficial Ownership Information and declaring the same unconstitutional on their face, void, and of no effect against domestic American Citizens living within the United States and its territories.

27. **Laws to be determined Unconstitutional as applied to American Citizens living in the United States of America and its territories:**

- Corporate Transparency Act [CTA] as applied to plaintiffs.

9

- Beneficial Ownership Information Reporting Rule [BOI Reporting Rule] as applied to plaintiffs.

28. **Illegal Spying on Americans and all United States Citizens Domestic financial and business activities, government intrusions into private domestic financial and business information of United States Citizens; improper and illegal collection of private financial and business information concerning American Citizens' Domestic Business Activity, desired privacy, and secrecy.**

29. The Department of the Treasury has designated the Financial Crimes Enforcement Network (FinCEN) as one of the primary agencies to establish, oversee and implement policies to prevent and detect money laundering.

30. FinCEN uses counter-money laundering laws such as the Bank Secrecy Act (BSA) to require reporting and record keeping by banks and other financial institutions. This record keeping preserves a financial trail for investigators to follow as they track criminals and their assets.

31. The Bank Secrecy Act (BSA) also requires reporting of suspicious transactions at financial institutions that could trigger investigations.

32. FinCEN has established these policies and regulations to deter and detect money laundering in partnership with the financial community.

33. FinCEN provides intelligence and analysis for case support and furthers public understanding of money laundering.

34. FinCEN's work is concentrated on combining information reported under the BSA with other government and public information.

35. This information is then disclosed to law enforcement in the form of intelligence reports which are provided quickly to FinCEN's customers: federal, state, local and international investigators, and regulators. The intelligence reports help them build investigations and plan new strategies to combat money laundering.

36. FinCEN seeks to provide tactical assistance to its customers through its FinCEN Tactical Response Division.

37. Plaintiffs are domestic Citizens of the United States of America and do not engage in illegal activities overseas such as money laundering, terrorist financing, corruption, tax fraud, and other illicit activity. Plaintiffs transact only domestic activity with citizens of the United States of America and their domestic transactions within the United States of America.

38. **Reasons for Declaration of Unconstitutionality:**

- Unconstitutional therefore void as there is no constitutional Rule or Law

- Bill of Rights violated. 9th and 10th Amendments especially violated as to the Peoples Rights retained (not being provided to the federal government.)

- Criminalization of matters vested in the Bill of Rights is unconstitutional and Crimes cannot be created by administrative rulemaking but if valid, must be enacted by Congress in accordance with required process. are incapable of being delegated, and any law, regulation, or rule created must not be in violation of the Constitution of the United States of America and its Bill of Rights.

- Right to Privacy / Right to Secrecy.

- Right to be Free from government intrusion.

- Right to conduct business in private and without disclosure.

- Right not to be penalized for mere Constitutionally protected conduct.

- Overreaching tyranny of Defendants in seeking illegality for [King Tyrant USA].

11

Case: 1:23-cv-02468-CEF Doc #: 1 Filed: 12/29/23 12 of 18. PageID #: 12

- Violates OMB required control numbers, overreach of regulations and forms not in conformity with the PRA.

- Government incapable of being trusted with private information; *We The People* cannot trust the government with our private information.

39. In *Griswold v. State of Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); *Roe v. Wade*, 410 US 113 (1973), the Court said: ... "The foregoing cases suggest that specific guarantees in the Bill of Rights have penumbras, formed by emanations from those guarantees that help give them life and substance." See *Poe v. Ullman*, 367 U.S. 497, 516-522, 81 S.Ct. 1752, 6 L.Ed.2d 989 (dissenting opinion). Various guarantees create zones of privacy. The right of association contained in the penumbra of the First Amendment is one, as we have seen. The ... The Fourth Amendment explicitly affirms the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.' The Fifth Amendment in its Self-Incrimination Clause enables the citizen to create a zone of privacy which government may not force him to surrender to his detriment. The Ninth Amendment provides: **'The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.'**

40. The Right to privacy under the Fourth and Fifth Amendments to the United States Constitution were described in **Boyd v. United States**, 116 U.S. 616, 630, 6 S.Ct. 524, 532, 29 L.Ed. 746, as protection against all governmental invasions 'of the sanctity of a man's home and the privacies of life.'* In **Mapp v. Ohio**, 367 U.S. 643, 656, 81 S.Ct. 1684 1692, 6 L.Ed.2d 1081, the Supreme Court referred to the

Fourth Amendment as creating a 'right to privacy, no less important than any other right carefully and particularly reserved to the people.' See also explanation as provided in: **Beaney, The Constitutional Right to Privacy**, 1962 Sup.Ct.Rev. 212; Griswold, The Right to be Let Alone, 55 Nw.U.L.Rev. 216 (1960).

41. Immediate and Irreparable Harm Caused by the Final Rule: A Final Rule becomes law when duly prescribed, regardless of when it goes into effect and is actionable under the APA. **5 U.S.C. §551(4).**

42. As a result, the plaintiffs, all domestic American Citizens and business entities must begin immediately risk the loss of their secrets, privacy, and to undertake substantial expense disclosures of private business information for the scheduled 2024 implementation of the Final Rule.

43. The law mandated and Final Rule is not equal to plaintiffs and American Businesses and wrongfully criminalizes conduct protected by the Bill of Rights.

44. Plaintiffs have no adequate remedy at law and must have these mandates and Final Rule requirements declared unconstitutional and enjoined from enforcement against them lest their Constitutional Rights be violated and molested by defendants and the federal government and their agents acting under color of law in violating plaintiffs' civil rights and seeking to abuse, terrorize, and threaten plaintiffs with ruination by government prosecution, jail, fines, and penalties.

45. As American Citizens Plaintiffs object to this most vulgar unconstitutional attack upon our law practice and all my domestic American clients. What legitimate agent of defendant government actor can claim a legitimate and constitutional reason to tread upon my individual Constitutional Sovereignty?

46. Each of these defendants and agents acting to enforce the unconstitutional, illegal, and ill-conceived regulations and rules, in such a rogue illegal manner must be told to get off the Plaintiffs' Ass and confine themselves to the legitimate parameters permitted by the Constitution. Plaintiffs vehemently protest and demand to know why no federal attorneys or counsel for these defendants see this violation of plaintiffs' rights and object to this tyranny? How is it that the American Federal Bar rolls over to this submission of illegal demands and abandons the Bill of Rights?

47. As stated in **Texas v. EPA**, 829 F.3d 405, 433 (5th Cir. 2016), "a regulation later held invalid almost always produces the irreparable harm of nonrecoverable compliance costs." In this case, the lost private and secret data will never be capable of retrieval and irreparable harm cannot be undone.

48. Compounding the harm caused by the Final Rule itself is the defendants' inability to handle and store the type of sensitive and private data and information it seeks to collect from plaintiffs and American businesses.

49. The government has had many data breaches involving many reporters who have been betrayed by government promises of security. See: Jon Hill, CFPB's 'Disturbing' Data Breach Spark Ire, Credibility Doubts. Law 360 (Apr. 26, 2023).

**Violation of the Bill of Rights, Constitution and APA 5 U.S.C. §706(2)(A)**

<u>**INTRODUCTION TO PRA Statutory Prohibition ARGUMENT**</u>

50. Plaintiffs adopt by reference the preceding paragraphs of this Complaint as if fully set forth herein.

51. In addition to the Constitutional infirmities described above that are fatal to the enforcement of the "CTA", its regulations, and Final Rule, portions of the Rule also violate various requirements of the Paperwork Reduction Act of 1980 (PRA), 44 U.S.C. Section 3502 and 44 U.S.C. Section 3512, and the Administrative Procedure Act (APA) 5 U.S.C. Sections 551-559.

52. The PRA requires all agencies of the federal government to submit all "information collection requests" to the Director of the Office of Management and Budget (OMB) for review and approval. 44 U.S.C. Section 3507. If the Director approves the "information collection request" he must ensure that it contains a control number. 44 U.S.C. Section 3504. An agency "shall not conduct or sponsor the collection of information unless" the information collection request has been submitted to and approved by the Director; 44 U.S.C. Section 3507 (a), and "shall not engage in a collection of information without obtaining from the Director a control number to be displayed upon the information collection request"; 44 U.S.C. Section 3507(f). See also *United States v. Smith*, 866 F.2d 1092 (9th Cir., 1989) and *United States v. Hatch*, 919 F.2d 1394 (9th Cir., 1990).

53. Because the applicable Regulations, Registration Mandates and required provision for Beneficial Ownership Information under the Final Rule, as are set forth in Exhibit "A", do not comply and are in violation the "PRA", the defendants are without power or authority to enforce the illegal "information collection requests"; Defendants MUST act legally and Constitutionally.

54. Not acting as required, Defendants and each of them are prohibited from seeking to collect information from plaintiffs and the estimated 32,000,00 American businesses sought to be unconstitutionally menaced by the federal government, its agencies, and

their rogue actions and conduct in violation of The Bill of Rights and federal statutory prohibitions.

55. "Information collection requests which do not display a current control number or, if not, indicate why they are not to be considered "bootleg" requests and (under PRA Section 3512) may be ignored by the public." S. Rep. No. 96-930 at 52, reprinted in 1980 U.S. Code Cong. & Admin. News 6292; See also: 44 U.S.C. Section 3512 establishing (penalties may not be imposed for noncompliance with information collection requests that do not display a current control number.) See also *United States v. Smith*, 866 F.2d 1092 (9th Cir., 1989) and *United States v. Hatch*, 919 F.2d 1394 (9th Cir., 1990).

56. Separately, then, the "Corporate Transparency Act", 31 USC 5301, Public Law 116-283, 134 Stat. 4604 through 134 Stat. 4625, the Final Rule and their registration mandates should be invalidated or stayed.

57. The "Corporate Transparency Act" (CTA), 31 USC 5301, Public Law 116-283, 134 Stat. 4604 through 134 Stat. 4625, the Final Rule and their registration mandates are set forth, per statutes and in part by Regulations attached hereto as Exhibit "A".

58. The CTA, its regulations, and its Final Rule as concerning plaintiffs and all domestic commercial activity, violate the PRA, applicable federal law, but especially the U.S. Constitution and the Bill of Rights.

59. Because the Final Rule was promulgated in violation of the U.S. Constitution and because it harms plaintiffs and American domestic citizens and business owners, it is invalid and must be set aside. **Community Financial**, 51 F.4th at 643.

60. Additionally, under the APA, agency action must be vacated if it is "not in accordance with law." 5 U.S.C. §706(2)(A).

61. Per **Community Financial**, the Final Rule – as a final action taken by defendants on the Final Rule is "not in accordance with the law" and must be "held unlawful and set aside" for that reason, too. **Community Financial**, 51 F.4th at 643.

**APA - Abuse of Discretion: Promulgating a Final Rule Beyond the Constitutional Statutory Scope 5 U.S.C. §706(2)(C)**

62. Plaintiffs adopt by reference the preceding paragraphs of this Complaint as if fully set forth herein.

63. The APA provides that agency actions are to be set aside when found to be an abuse of agency discretion. 5 U.S.C. §706.

64. Defendants acted in excess of their authority and have no constitutional statutory right to establish Regulations or a Final Rule without any Constitutional basis in the administrative record to do so.

65. Because the applicable Regulations and the Final Rule violates the Constitution and the APA, the Regulations and the Final Rule should be invalidated, declared void, and be set aside.

**WHEREFORE,** Plaintiffs move the Court for:

1. For a declaration that the applicable regulations, the Final Rule Registration Mandates, and required provision for disclosure of Beneficial Ownership Information are unconstitutional and cannot be implemented or enforced against resident Citizens of the United States of America or plaintiffs engaged in domestic activity;

2. For the issuance of both a preliminary and permanent injunction against Defendants, and each of them, prohibiting them from enforcing the

unconstitutional regulations, Final Rule Registration Mandates and required provision for disclosure of Beneficial Ownership Information;

3. For an Order awarding Plaintiffs attorney's fees and cost of suit herein; and
4. For such other and further relief as the Court deems proper.

(s) Robert J. Gargasz /s/ Robert J. Gargasz

Robert J. Gargasz (0007136)
Robert J. Gargasz Co. LPA
1670 Cooper Foster Park Road
Lorain, Ohio 44053
(440) 960-1670
(440) 960-1754 (Fax)
rjgargasz@gmail.com
Attorney for Plaintiffs